IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRIS A. MILNE, as Special Conservator of JAIME ANTONIO FLORES LANDAVERDE, Protected Person, <br><br> Plaintiff, <br> v. <br><br> MOVE FREIGHT TRUCKING, LLC, ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 7:23-cv-432 <br> ) <br> ) <br> ) <br> ) <br> ) By: Michael F. Urbanski <br> ) Chief United States District Judge |

## MEMORANDUM OPINION

This case arises out of a motor vehicle accident on Interstate 81 in Montgomery County, Virginia, on September 25, 2021. The Amended Complaint alleges that Jaime Antonio Flores Landaverde sustained personal injuries as a passenger in a 2015 Ford Explorer operated by Jose Lopez. Plaintiff alleges that Lopez fell asleep and struck a tractor-trailer parked on the shoulder of Interstate 81. Defendant Joshua Flores operated the tractor-trailer on behalf of Move Freight Trucking, LLC ("MFT"). The Amended Complaint alleges alternatively that Flores was an employee of FedEx Ground Package System, Inc. ("FedEx Ground") and Western Express, Inc. d/b/a Western Logistics ("Western Express") acting within the scope of his employment, and that these entities, as motor carriers, brokers, and/or shippers, were negligent in the hiring of MFT and Flores. The Amended Complaint also alleges negligent entrustment against the owners of the 2015 Ford Explorer, Damaris Patricia Lopez-Alberto, and Wilson Amilcar Cabrera a/k/a Wilson A. Cabrera Yanes.

1

Flores, MFT, FedEx Ground, Western Express, and Lopez-Alberto have filed motions to dismiss on various grounds, including plaintiff's lack of capacity to sue, lack of personal jurisdiction, federal preemption, absence of duty and causation by the broker or shipper, and legal insufficiency of the allegations of negligent hiring and entrustment. Mots. to Dismiss, ECF Nos. 43, 45, 48, 52. This memorandum opinion addresses the motions to dismiss filed by FedEx Ground, Western Express, and Lopez-Alberto as to plaintiff's lack of capacity to sue.

I.

Defendants FedEx Ground, Western Express, and Lopez-Alberto move to dismiss the Amended Complaint, arguing that Chris A. Milne, the Special Conservator appointed in Massachusetts for Landaverde, lacks the capacity to bring suit in Virginia for injuries sustained by Landaverde.[1] Because Milne's Massachusetts conservatorship was not registered in Virginia at the time suit was filed, these three defendants contend that the present lawsuit is a legal nullity and must be dismissed without leave to amend.[2]

The Amended Complaint alleges that Landaverde is a citizen of El Salvador who is currently domiciled in Massachusetts. Am. Compl., ECF No. 40, ¶ 5. Milne was appointed as Special Conservator for Landaverde in the Suffolk, Massachusetts Probate and Family Court on July 10, 2023. Id., ¶ 6 and Exh. A. Four days later, on July 14, 2023, Milne brought suit in

---

[1] While FedEx Ground and Western Express base their motion to dismiss for lack of capacity on Federal Rule of Civil Procedure 12(b)(6), Lopez-Alberto founds her lack of capacity motion on subject matter jurisdiction grounds under Rule 12(b)(1). Although Flores and MFT did not raise Milne's lack of capacity in their motion to dismiss, they argued that Milne lacked capacity at the hearing held on November 2, 2023. Tr., ECF No. 61, at 23–24, 69–70.

[2] On September 22, 2023, Milne initiated a second action in this court as Special Conservator for Landaverde for damages arising out of the same September 25, 2021, accident. Milne v. Yanes, Case No. 7:23-cv-612. On September 29, 2023, the court issued an order consolidating the two actions for purposes of pre-trial issues and discovery. Order, ECF No. 37. Accordingly, this opinion applies to both actions.

this court. Compl., ECF No. 1. At the time the suit was filed, however, Milne had not registered the Massachusetts conservatorship in Virginia.[3]

## II.

"The capacity of a party suing or defending a state law claim on behalf of another is governed by 'the law of the state where the court is located.'" 4 Moore's Federal Practice – Civil § 17.22 (quoting Fed. R. Civ. P. 17(b)); see also Davis v. Piper Aircraft Corp., 615 F.2d 606, 609 (4th Cir. 1980) ("North Carolina law determines the capacity of a party to bring a diversity action for wrongful death under state law in the federal courts of North Carolina."); Matchem v. Frank, 998 F.2d 1009 n.2 (4th Cir. 1993) ("State law determines whether an individual has the capacity to sue under the Federal Rules of Civil Procedure."); Powles v. Kandrasiewicz, 886 F. Supp. 1261, 1263 (W.D.N.C. 1995) ("Davis clearly represents well settled law that whether 'one acting in a representative capacity . . . [has the] capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . .'" (quoting Fed. R. Civ. P. 17(b))). Accordingly, for individuals such as Milne, acting in a representative capacity for Landaverde, Rule 17(b)(3) requires that this court look to the law of Virginia—the state where the court is located—to determine his capacity to bring this suit.

Milne, however, argues that the court need not consider whether he possesses capacity to sue under Virginia law because Rule 17(c)(1)(C) flatly provides that a conservator may sue on behalf of an incompetent person. As Milne was appointed conservator in Massachusetts

---

[3] While these motions were pending, on November 29, 2023, Milne registered the Massachusetts conservatorship decree in the Circuit Court of Montgomery County, Virginia. See Plaintiff's Notice of Filing Registration of Conservatorship, ECF No. 62.

3

before suit was filed, he claims that his capacity to sue on behalf of Landaverde is established by Rule 17(c)(1)(C), without regard to Virginia state law.

The court disagrees with Milne. "Put simply, Rule 17(b) looks to state law to determine who has the capacity to sue on their own behalf, while Rule 17(c) creates a federal procedural rule to determine who may serve as a representative for a person lacking such capacity." Kline v. Cleveland County, No. 1:19-CV-00197, 2020 WL 1692348, *5 (W.D.N.C. Apr. 7, 2020). Considering an earlier version of Rule 17(c), the court in Southern Ohio Sav. Bank & Trust Co. v. Guaranty Trust Co. of New York, 27 F. Supp. 485, 486 (S.D.N.Y. 1939), stated:

> The first sentence [of Rule 17(c)] does not mean that any general guardian, committee, conservator or other like fiduciary of an infant or incompetent may maintain suit in any district court. It is to be read with the provision in Rule 17(b) that capacity to sue or be sued by one acting in a representative capacity shall be determined "by the law of the state in which the district court is held." Moore's Federal Practice, section 17.18. The effect in the present case is that the person recognized as committee by the law of New York may bring suit in this court in behalf of the incompetent. The committee recognized by the law of New York is the ancillary committee appointed in New York, not the general guardian appointed by the state of residence of the incompetent.

Likewise, in Wolfe v. Bias, 601 F. Supp. 426, 427–28 (S.D.W. Va. 1984), the court stated that it "is obligated to abide by the State's determination of who shall represent the incompetent. The district court's power to appoint under Rule 17(c) should not be used to circumvent the mandate in Rule 17(b) to observe state law." Thus, Milne's capacity to sue on behalf of Landaverde must be evaluated under Virginia law.

4

Virginia Code § 64.2-2117 authorizes conservators appointed in another state to register an out of state conservatorship order in Virginia. Virginia Code § 64.2-2118(A) provides as follows:

> Upon registration of a guardianship or conservatorship order from another state, the guardian or conservator may exercise in the Commonwealth all powers authorized in the order of appointment except as prohibited under the laws of the Commonwealth, including maintaining actions and proceedings in the Commonwealth and, if the guardian or conservator is not a resident of the Commonwealth, subject to any conditions imposed upon nonresident parties.

In the context of a wrongful death action, the Virginia Supreme Court has held that a personal representative appointed out of state and not qualified in Virginia lacks standing to bring suit. Harmon v. Sadjadi, 273 Va. 184, 193, 639 S.E.2d 294, 299 (2007) ("Our jurisprudence is clear that when a party without standing brings a legal action, the action so instituted is, in effect, a legal nullity."). The Harmon court continued:

> We can discern no basis to carve out an exception to our otherwise clear precedent that lack of standing causes a party's legal proceeding to be of no legal effect. There is no statutory or policy basis to accord foreign personal representatives not qualified in Virginia an exception to the doctrine of standing that otherwise applies to all other plaintiffs.

273 Va. at 197, 639 S.E.2d at 301.[4] Following Harmon, three decisions issued in this district have dismissed wrongful death actions filed by personal representatives not qualified in

---

[4] It is important to remember that in this context, the Supreme Court of Virginia's reference to standing necessarily concerns the concept of prudential standing, rather than the distinct issue of Article III standing. See Martineau v. Wier, 934 F.3d 385 n.3 (4th Cir. 2019). Plainly, Milne, on behalf of Landaverde, has Article III standing as he satisfies "the familiar three-part standard, alleging a concrete, particularized injury, fairly traceable to the challenged conduct, and likely to be redressed by a favorable judicial decision." House v. Mitra QSR KNE LLC, 796 F. App'x 783, 786 (4th Cir. 2019). What he lacked, prior to registering the Massachusetts conservatorship in Virginia, was the legal capacity to sue under Virginia law required by Rule 17(b). "And that Rule 17 problem . . . — unlike an Article III defect, measured at the time of filing — could be cured by post-filing developments . . . ." Id. at 787.

Virginia. In Schieszler v. Ferrum College, 236 F. Supp. 2d 602 (W.D. Va. 2002), the court held that "[a] foreign administrator who has not qualified in Virginia is without authority to institute an action or suit in the courts of Virginia." Id. at 613. In Yates v. Turcotte, No. 7:14cv00144, 2014 WL 7045619 (W.D. Va. Dec. 12, 2014), the court relied upon Harmon to conclude that "[a] wrongful death suit filed by a foreign administrator who has not qualified in Virginia is thus 'a legal nullity.'" Id. at *2. In Grady v. Rothwell, No. 6:23cv001, 2023 WL 2776067 (W.D. Va. Apr. 4, 2023), the court concluded that a foreign personal representative who had not qualified in Virginia lacked capacity to bring a wrongful death action in Virginia.

While it is true that Harmon, Schieszler, Yates, and Grady arose in the wrongful death context, the court does not discern any meaningful difference between the requirements for a foreign personal representative to be qualified under Virginia's wrongful death statute, Va. Code § 8.01-229(B)(1), and a foreign conservator to be registered under Virginia's conservator registration statute, Va. Code § 64.2-2118(A). Virginia Code § 8.01-229 authorizes a decedent's personal representative to commence an action within the prescribed limitations period, and Virginia Code § 64.2-2118(A) authorizes a conservator to maintain an action in Virginia "[u]pon registration of a . . . conservatorship order from another state."

Because Milne did not register the Massachusetts conservatorship in Virginia before filing the Amended Complaint, he lacked capacity to maintain an action in Virginia as conservator for Landaverde. Accordingly, Milne's lack of capacity requires dismissal of the Amended Complaint under Federal Rules of Civil Procedure 17(b) and 12(b)(6).

III.

As Milne has now complied with Virginia law by registering the Massachusetts conservatorship with the Circuit Court of Montgomery County, Virginia, however, the next question is whether Milne is able to amend or supplement his pleadings in this case or whether law requires that he instead file a new lawsuit.

In Schieszler and Yates, the court allowed amendment after the personal representative qualified in Virginia. In Schieszler, the court founded its decision on Federal Rule of Civil Procedure 15(a), which "permits me to grant leave to file amended pleadings when justice so requires. Because justice requires that the plaintiff be allowed to assert her capacity as administratrix of [the] estate, I will grant her leave to file a second amended complaint." 236 F. Supp. 2d at 613. Of significance, the court noted that "[e]ven were I to dismiss this case outright on the ground that Schieszler lacked capacity to bring suit," Virginia's statute of limitations tolling provision would provide her with "one day to refile her suit." Id. at 613 n.1 (citing Va. Code § 8.01-244(B)). In that respect, the court was assured that justice required the amendment.

The Yates court, citing Virginia state decisions holding that a pleading that was a legal nullity could not be amended, noted:

> In this case, Yates, a foreign administrator, had not yet qualified as Sosebee's personal representative in Virginia when the plaintiffs initiated this lawsuit. Yates therefore lacked standing to sue in this court. Had she filed this lawsuit alone, the court would be constrained to dismiss her complaint without considering her motion to amend.

7

2014 WL 7045619, at *2.[5] In any event, because Yates had filed her action jointly with another person, Jarrod Smith, injured in the same car accident as Yates' deceased son, the court granted Smith leave of court to amend the complaint, joining Yates as co-plaintiff and alleging that Yates qualified as a personal representative in Virginia for her son. Id. at *3.

As in both Schieszler and Yates, Milne has now registered the Massachusetts conservatorship in Virginia, ECF No. 62, and the question becomes whether Milne should be allowed to file a supplemental pleading stating that he has registered the conservatorship and is now authorized to maintain this action under Virginia Code § 64.2-2118. True to the admonition in Harmon that a suit brought by a person lacking capacity to bring it is a legal nullity, defendants argue that the Amended Complaint cannot be amended.

But this argument runs afoul of Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir. 1980), where the Fourth Circuit held that the Federal Rules of Civil Procedure, rather than a state law rule, controlled the decision whether to allow an amendment under circumstances similar to those present here. Davis was a wrongful death case arising out of an airplane crash in North Carolina. 615 F.2d at 609–10. Jimmy Davis was appointed executor by an Alabama

---

[5] To support this dictum, the Yates court relied upon Johnston Memorial Hospital v. Bazemore, 277 Va. 308, 672 S.E.2d 858 (2009). In Bazemore, the Virginia Supreme Court held that a wrongful death lawsuit filed by a plaintiff who had not yet qualified as administrator of the decedent's estate was a nullity and could not be nonsuited. The court concluded:

> Since Wanda Bazemore had not qualified as the personal representative of her husband's estate when this wrongful death action was filed, the named plaintiff, which was not a legal entity at that time, lacked standing to file the action. The action is therefore a nullity and cannot be nonsuited.

277 Va. at 315, 672 S.E.2d at 861–62. Yates also relied upon the dissent in Whitt v. Commonwealth, 61 Va. App. 637, 667, 739 S.E.2d 254, 268–69 (2013), which cited the holding in Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002), to the effect that "an attempt to amend a pleading 'presupposes a valid instrument as its object. Because the . . . notice of appeal was invalid, there was nothing to amend.'" Wellmore concerned the sufficiency of a notice of appeal signed only by a foreign attorney. 264 Va. at 283–84, 568 S.E.2d at 673. As the notice was not signed by a member of the Virginia State Bar as required by Rule 1A:4 of the Rules of the Supreme Court of Virginia, it was invalid and could not be amended. Id. Because no valid notice of appeal was filed in a timely manner, the court dismissed Wellmore's appeal. Id.

8

probate court and filed suit in federal court in North Carolina without having an ancillary administrator appointed there. Id. Because the statute of limitations ran before a North Carolina ancillary administrator was appointed, the issue in Davis was whether an amendment relating back to the date of the action's commencement should be allowed to cure the lack of timely capacity. Id. The Fourth Circuit cast the issue as a "classic Erie [R.R. Co. v. Tompkins, 304 U.S. 64 (1938)] choice of law problem." Id. at 610.

Considering for the purpose of its decision that "North Carolina law would prevent allowance of the amendment sought here," id. at 610, the Fourth Circuit held that "Hanna [v. Plumer, 380 U.S. 460 (1965)] generally commands application of Fed. R. Civ. P. 15(c) in the face of a contrary state rule, and specifically commands its application here." Id. at 611. Of interest, the North Carolina rule in Davis is the same as the Virginia rule urged by defendants here. "The North Carolina rule is ultimately rested on the view that the plaintiff's lack of capacity at the time of filing the original pleading prevented the statement of a cause of action at that time; that consequently the action was a nullity and provided nothing to which an amended pleading could be deemed to relate." Id. at 611 n.7.

After agreeing with the district court "that the federal rules relating to amendment rather than any conflicting state rule controlled decision on the motion to amend," id. at 612, the court reversed the district court's decision to deny the proffered amendment, finding the absence of prejudice stemming from the amendment to be an important consideration in the Rule 15(a) calculus set down by the Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962), id. at 613. "Under this standard prejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny amendment. Conversely, absence of prejudice, though

9

not alone determinative, will normally warrant granting leave to amend. Here, no finding of prejudice was made by the trial court, nor could it have been." Davis, 615 F.2d at 613 (internal citations omitted).

The same is true here, as there is no discernable prejudice to allowing a supplemental pleading[6] to document the registration of the Massachusetts conservatorship in Virginia. The filing of a supplemental pleading will not affect the substantive legal rights of the parties. This is because Virginia Code § 8.01-229(A)(2)(b) provides that a suit "may be commenced by such conservator . . . before the expiration of the applicable period of limitation or within one year after his qualification as such, whichever occurs later." As Milne was not appointed Special Conservator in Massachusetts until July 10, 2023, and the conservatorship was not registered in the Circuit Court of Montgomery County, Virginia, until November 29, 2023, the applicable limitations period has not run. As the Schieszler court concluded, "justice requires that the plaintiff be allowed to assert [his] capacity as [conservator for Landaverde]." 236 F. Supp. 2d at 613.

For his part, Milne argues that the capacity issue can be rectified under Fed. R. Civ. P. 17(a)(3), which provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." However, "[w]hether a foreign executor, guardian, or other representative may maintain suit raises a question of capacity to sue under Rule 17(b), rather than of the real party in interest status." 4

---

[6] As the Davis court noted further, technically the proper procedure there, as here, was "to file a supplemental pleading under Fed. R. Civ. P. 15(d) rather than an amended pleading under Fed. R. Civ. P. 15(a) because the new matter occurred after rather than before the original complaint was filed." Id. at 609 n.3.

10

Moore's Federal Practice – Civil § 17.10. The court will follow <u>Davis</u> and allow Milne to file a supplemental pleading under Rule 15(d) to establish his capacity to sue. This approach is consistent with that suggested in an earlier Fourth Circuit decision, <u>Vroon v. Templin</u>, 278 F.2d 345, 349 (4th Cir. 1960), where the court stated:

> If the District Judge should reach the conclusion that Virginia practice requires that the action be in the name of the ward, then we suggest that, in the exercise of this discretion, he is at liberty to grant an opportunity for an amendment of the style of the case. This course would have sound support and would be in accord with modern practice.

Accordingly, because Milne had not registered his Massachusetts conservatorship of Landaverde in Virginia before filing suit here, he lacked capacity in Virginia to sue on Landaverde's behalf. As such, Milne's Amended Complaint, ECF No. 40—brought prior to the registration of the conservatorship in Virginia—must be **DISMISSED**. However, Milne is **GRANTED** leave of court to file a supplemental pleading pursuant to Rule 15(d) within fourteen (14) days setting forth Milne's registration of the Massachusetts conservatorship in Virginia. Although Milne already filed a Notice regarding the filing of the registration of conservatorship in Virginia, ECF No. 62, the court believes it to be appropriate for Milne to file, as a supplemental pleading, a Second Amended Complaint specifically alleging the registration in Virginia of the Massachusetts conservatorship.

An appropriate Order will be entered.

Entered: January 5, 2024

*[signature]*

Michael F. Urbanski
Chief United States District Judge