**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHRIS A. MILNE, as Special Conservator of JAIME ANTONIO FLORES LANDAVERDE, protected person,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MOVE FREIGHT TRUCKING, LLC, et al,**<br><br>**Defendants.** | ) | **Case No. 7:23cv432** |
| **CATHERINE SLATER CRAWFORD, as Personal Representative of the Estate of BEBERLYN VANESSA ALVAREZ-LOPEZ,**<br><br>**Plaintiff,**<br>**v.**<br><br>**MOVE FREIGHT TRUCKING, LLC, ET AL.**<br><br>**Defendants.** | ) | **Case No. 7:23CV433** |

**DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFFS' MOTIONS IN LIMINE**

Defendants Move Freight Trucking, LLC ("MFT") and Joshua Flores ("Flores") (collectively "Defendants"), by counsel, submit this omnibus response to each of Plaintiffs' motions in limine:

1. **Plaintiffs' Immigration Status**

Defendants have no intent to reference Plaintiffs' respective immigration status or whether or not they were lawfully present in the United States at the time of the accident.

**2. <u>Speculative Causation Arguments Not Supported by Evidence in the Record</u>**

Plaintiffs seek a pretrial ruling precluding Defendants "from arguing that the collision would have occurred regardless of where or how Joshua Flores parked the Move Freight tractor-trailer. In their summary judgment briefing, Defendants contended that because Jose Lopez fell asleep at the wheel of the SUV, it would not have mattered whether Flores activated his hazard lights, deployed warning triangles, *or parked elsewhere*." ECF No. 172, *2 (emphasis added).[1]

Defendants did not argue at the summary judgment stage that the accident would have happened if Flores "parked elsewhere." They did argue that the failure to place warning triangles or activate hazard lights was irrelevant because Lopez was asleep at the wheel. Defendants have no intention of arguing or eliciting testimony to suggest that the accident would have happened even if Flores did not park his vehicle where he did—provided, however, that Plaintiffs may "open the door" to such evidence and argument as they did during their questioning of Flores and Colter Beeman during their depositions.

In the interest of brevity, the failure to place warning triangles or hazard lights behind Flores' vehicle is irrelevant to this case for the reasons stated in Defendants' First Motion in Limine. If Plaintiff is seeking to introduce such evidence, however, Defendants should have the right to rebut such evidence and/or cross-examine any witness about whether hazard lights or warning triangles would be observed by a sleeping driver or made any difference in this case when the trailer's marking lights were illuminated and the sleeping driver never braked before impact. Accordingly, Plaintiffs' Second Motion in Limine should be denied.

---

[1] For ease of reference, docket number references are to filings in case number 7:23cv432. Identical documents have been filed in case number 7:23cv433 but bear different docket numbers.

### 3. Argument that Other Illegally Parked Vehicles Establish a Standard of Care or Excuse Defendants' Conduct

Plaintiffs seek a pretrial ruling precluding Defendants from "arguing that Joshua Flores' decision to park the Move Freight tractor-trailer in a no-parking zone was reasonable because other tractor-trailers were also illegally parked on the shoulder and acceleration lane of the Interstate 81 rest area at the time of the collision." ECF No. 173, *2.

Plaintiffs intend to call an expert witness to testify as to the standard of care in the trucking industry, including that parking on the shoulder is dangerous and that a tractor-trailer operator should activate his hazard lights and place warning triangles behind his trailer whenever required to stop on a highway shoulder. But as this Court knows—and every single juror in the case will know—tractor-trailers regularly park on the shoulders of both the entrance and exit lanes at rest areas on I-81.

Defendants have no intention to make any standard of care arguments. But to the extent that Plaintiffs are permitted to call their trucking standard of care expert, Defendants should have the right to cross-examine that witness regarding the regularity, or at least frequency, of tractor-trailers parking in such a manner. Indeed, the frequency of that practice at least calls into question whether the regulations upon which Plaintiffs intend to rely are mere window-dressing rather than true safety rules. Moreover, if Plaintiffs intend to rely on the citation given to Flores for illegal parking, Defendants should be permitted to cross-examine the trooper and any other law enforcement officers about their practices for issuing citations for the same offense when no accident has occurred, particularly when it does not appear that any other tractor-trailer at the accident scene received a similar citation.

Accordingly, Plaintiffs' Third Motion in Limine should be denied.

**4. Investigating Officer Testimony Regarding Jose Lopez's Statement at the Scene**

Plaintiffs seek a pretrial ruling permitting "investigating police officers to testify at trial regarding Jose Lopez's statement at the crash scene. The Virginia State Police Crash Team Report documents that Lopez stated: 'He was traveling north when he fell asleep. A rear passenger woke him, and he tried to pull back into the roadway when the impact occurred."

Defendants addressed the crash reports in their Second Motion in Limine. But Plaintiffs also suggest that the statement by Lopez is an "excited utterance" and therefore exempt from the rule against hearsay. See Fed. R. Evid. 802; Fed. R. Evid. 803(2).

But the problem with Plaintiffs' hearsay exception argument is that the statement is contained within multiple layers of hearsay. Jose Lopez was never served in this case and therefore never brought before the Court. He won't be at trial. Second, the statement by Lopez ostensibly was made to an unidentified individual on the phone, who then then conveyed a translated statement to the trooper responsible for the crash report. The trooper then apparently wrote down the statement in the report. Thus, we have at least three levels of hearsay: (1) the statement in the report; (2) the statement conveyed by the individual translating to the trooper; and (3) Lopez's statement in Spanish. To overcome hearsay within hearsay, a party must identify an applicable exception to each level of hearsay. See Fed. R. Evid. 805.

But we do not even know if Lopez indeed made the statement at issue because the audio of the phone call is indecipherable from the body camera footage produced in discovery. Moreover, the trooper states in other body camera footage produced in the case



1319.0666\NHS
4901-3521-2699 .v1

that one of the passengers told him that they tried to awaken Lopez, which would also be hearsay.[2]

Accordingly, the statement that "[a] rear passenger woke [Lopez] and [Lopez] tried to pull back into the roadway when the impact occurred" is inadmissible, and Plaintiffs' Fourth Motion in Limine should be denied.

**5. <u>Jose Lopez's Guilty Plea in Absentia</u>**

Plaintiffs seek a pretrial ruling precluding Defendants "from introducing evidence of Jose Lopez's conviction in absentia for reckless driving in December of 2021." Plaintiffs contend that Lopez's conviction is not an admission of guilt and "merely a finding that Lopez was guilty in absentia." ECF No. 175, *2.

Plaintiffs' argument fails to appreciate Virginia law. Under Va. Code § 19.2-258.1, which addresses the trial of traffic infractions, "[t]he defendant shall be presumed innocent until proven guilty beyond a reasonable doubt." But "[w]hen a person charged with a traffic infraction fails to enter a written or court appearance, *he shall be deemed to have waived a court hearing*, and the case may be heard in his absence, after which he shall be notified of the court's finding . . . ." <u>Id.</u> (emphasis added). The failure to appear is not a waiver of the defendant's right to be presumed innocent until proven guilty beyond a reasonable doubt, and the court must still hear the evidence in the defendant's absence in order to determine whether the defendant is guilty beyond a reasonable doubt of the charged offense.

Moreover, the Virginia Code expressly provides that "[w]henever, in any civil action, it is contended that any party thereto . . . was found guilty in absentia . . . in a prosecution for a

---

[2] Defendants will have this video footage available for the Court to review at the hearing scheduled on April 1, 2026.

criminal offense or traffic infraction which arose out of the same occurrence upon which the civil action is based, evidence of said . . . finding . . .as shown by the criminal court shall be admissible." Va. Code § 8.01-418.

The certified court record for Lopez's conviction conclusively establishes that Lopez (1) was tried in absence; (2) was tried and found guilty as charged; and (3) sentenced. See ECF No. 138-7.

Accordingly, Lopez's conviction is clearly admissible, and Plaintiffs' Fifth Motion in Limine should be denied

**6. Excludign Pleadings, Complaints, and Summons from Evidence**

Plaintiffs seek a pretrial ruling precluding Defendants "from introducing into evidence any pleadings, complaints, or summons filed in this litigation showing that Plaintiff[s] sued Jose Lopez." Plaintiffs' argument is based, in part, on the proposed settlement with Lopez that has since been rejected by the Court.

Pleadings are party admissions and available to be used as substantive evidence. Williams v. Union Carbide Corp., 790 F.2d 552, 556 (6th Cir. 1986). And interrogatory responses signed under oath are "nothing short of testimony" that may be used as evidence at trial. See Saria v. Mass. Mut. Life Ins. Co., 228 F.R.D. 536, 538–39 (S.D.W. Va. 2005); Virtue Global Holdings Ltd. V. Rearden LLC, No. , 2016 U.S. Dist. LEXIS 63114, *4 (N.D. Cal. May 11, 2016) (citing Villareal v. El Chile, Inc., 266 F.R.D. 207, 211(N.D. Ill. 2010).

Defendants issued interrogatories to Plaintiffs and specifically asked Plaintiffs to describe in detail how the accident happened. Plaintiffs, in verified interrogatory responses, referred to the allegations in the respective Complaints. See ECF No. 138-2; ECF No. 138-3. Accordingly, Plaintiffs' allegations in the respective Complaints "party admissions," and the

verified interrogatory responses transform them into testimony (to the extent any distinction between a party admission and party testimony exists). Plaintiffs are indeed correct that a complaint can be amended, but that didn't happen here. So, their admissions are binding. As such, Plaintiffs' Sixth Motion in Limine should be denied.

## Conclusion

For the foregoing reasons, Defendants respectfully request entry of an Order denying Plaintiffs' motions in limine and granting such further relief in Defendants' favor as is just and proper.

Respectfully submitted,

MOVE FREIGHT TRUCKING, LLC and JOSHUA FLORES

/s/ ______________________________

Nathan H. Schnetzler (VSB No. 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: (540) 772-4600
Fax: (540) 772-9167
Email: nschnetzler@faplawfirm.com
*Counsel for Move Freight Trucking, LLC and Joshua Flores*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record.

/s/__________________________
Nathan H. Schnetzler