IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DISTRICT. COURT
AT HARRISONBURG, VA
FILED

MAR 3 1 2026

LAURA A. AUSTIN CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| CHRIS A. MILNE, as Special Conservator<br>Of JAIME ANTONIO FLORES<br>LANDEVERDE, protected person,<br><br>Plaintiff,<br><br>v.<br><br>MOVE FREIGHT TRUCKING, LLC, et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 7:23-cv-432<br>)<br>)<br>)<br>) By: Hon. Michael F. Urbanski<br>) Senior United States District Judge<br>)<br>)<br>) |
| CATHERINE SLATER CRAWFORD, as<br>Personal Representative of the Estate of<br>BEBERLYN VANESSA ALVAREZ-LOPEZ<br><br>Plaintiff,<br><br>v.<br><br>MOVE FREIGHT TRUCKING, LLC, et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 7:23-cv-433<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

These consolidated cases are before the court on the motion for summary judgment filed by defendants Move Freight Trucking, LLC and Joshua Flores, 7:23-cv-432 ECF No. 137; 7:23-cv-433 ECF No. 110 ("Mot."). See also 7:23-cv-432 ECF No. 138; 7:23-cv-433 ECF No. 111, Memorandum In Support of Mot. ("Mot. Mem.").

In a case arising out of an automobile accident on Interstate 81, Plaintiffs raise negligence and respondeat superior claims against Flores and Move Freight Trucking, LLC ("Move Freight"), among other claims. 7:23-cv-432 ECF No. 67 ¶¶ 102-323; 7:23-cv-433

1

ECF No. 44 ¶ ¶ 102-323. In the instant motion, Defendants and Flores and Move Freight move for summary judgment on the issues of proximate cause and gross negligence. Defendants argue that the proximate cause of the accident was the alleged negligence of another defendant, rather than their own alleged negligence. Mot. Mem. at 2. As "no reasonable juror could conclude that any negligence on behalf of Flores was the proximate cause of this terrible accident," they argue that they are entitled to summary judgment. Id. at 2. Defendants also seek summary judgment on "plaintiffs' gross negligence claim and claim for willful and wanton negligence." Id. at 16.

As explained herein, the facts and all reasonable inferences drawn therefrom, as read in the light most favorable to plaintiffs, leaves open the question of whether Flores's alleged negligence was a proximate cause of the crash. Thus, the court **DENIES IN PART** Flores's and Move Freight's motion for summary judgment with respect to proximate cause. However, because it is undisputed that defendant Flores exercised some degree of care, the court **GRANTS IN PART** the motion for summary judgment with respect to gross negligence, willful and wanton negligence, and punitive damages.

## I. Factual Background

This case arises from a motor vehicle accident on Interstate 81 in Montgomery County, Virginia, on September 25, 2021, where the sleeping driver of a Ford Escape rear-ended a tractor-trailer that was illegally parked on the shoulder of the highway at highway speed.

Defendant Joshua Flores, a truck driver, had illegally parked his tractor-trailer for the night in the shoulder area of an acceleration lane exiting a rest stop in Montgomery County. Plaintiffs allege that Flores was acting "within the course and scope of his employment or

agency" with Move Freight Trucking, LLC. 7:23-cv-432 ECF No. 67 ¶ 2; 7:23-cv-433 ECF No. 44 ¶ 2. The night before, when he was nearly at his hourly driving limitation, Flores pulled into the rest stop to park for the night but there were no parking spaces open. Because the lot was full, a "line" of trucks was parked on the shoulder of the acceleration lane exiting the rest stop. Flores saw a gap between two of the trucks and pulled into the gap between them. While the lane where Flores parked was marked with "no parking" signs, Flores testified at deposition that those signs were blocked by other parked tractor-trailers, and that he did not see them. Mot. Mem. at 2-3. There was another rest stop 1.3 miles up the road, where plaintiffs allege that Flores easily could have parked. 7:23-cv-432 ECF No. 140; 7:23-cv-433 ECF No. 113 ("Resp.") at 9.

The tractor-trailer was parked on the shoulder of the acceleration lane between two "no parking" signs, and plaintiffs allege that the rear of the tractor-trailer protruded out of the shoulder and into the acceleration lane. Resp. at 4-5. At that spot of the highway, there are two travel lanes for I-81 northbound and an acceleration lane departing the rest stop. Mot. Mem. at 3.

Flores did not turn on his hazard lights or flashers, nor did he place safety triangles or other warning devices on the road to warn motorists about the presence of the tractor-trailer. Resp. at 6. When he parked, he did not exit the vehicle to check that he was parked within the fog line. Id. at 10. Flores, who possesses a commercial driver's license from Texas, is allegedly aware of the Texas CDL manual's directions that truck drivers turn on their flashers when parked on the side of the road, within 10 minutes of parking. Federal regulations also require flashers and triangle placement. Resp. at 10-11. Parking the way Flores did made him a "sitting

3

duck" with respect to other cars. Resp. at 11, citing Flores Dep. 45:12-18 ("pretty much what happened with me.")

The plaintiffs allege that, on the morning of the accident, fog made it difficult to see. Resp., at 6. Until the time of the crash, other vehicles passed Flores' tractor-trailer without issue. Mot. Mem. at 4-5.

Shortly before 7:30am, the tractor-trailer was struck from behind by a Ford Explorer (SUV). The driver of the SUV, Jose Lopez, had fallen asleep behind the wheel. Mot. Mem. at 2. See also 7:23-cv-432 ECF No. 67 ¶ 48; 7:23-cv-433 ECF No. 44 ¶ 48.

Defendants describe that Lopez's vehicle "[c]rossed over from at least the right travel lane on interstate 81 into the acceleration lane…then crossed over the white shoulder marking line (a.k.a. 'fog line') for the acceleration lane exiting the rest stop." Mot. Mem. at 4. Defendants note that, in video evidence attached as Exhibit 5 to the motion, "Lopez's vehicle's brake lights did not illuminate until the point of impact with Flores' truck, and there were no skid marks left indicating any braking prior to the brake lights illuminating." Id.

Plaintiffs argue that Lopez's SUV "partially entered the right shoulder," and "appeared to turn slightly left just prior to colliding with the rear of the parked trailer." Resp. at 6-7. Plaintiffs' accident reconstructionist's affidavit asserts that "if Mr. Flores had not illegally parked the tractor-trailer on the right shoulder, to a reasonable degree of scientific probability, Mr. Lopez would have been able to recover from the loss of control and re-enter the travel lanes." Resp. at 6-7.

The passengers of the Ford SUV were severely injured. Jaime Flores Landaverde suffered a traumatic brain injury, and Beberlyn Alvarez Lopez was killed. Resp. at 9. Chris

4

Milne, as special conservator to Landaverde, and Catherine Crawford, as personal representative of the estate of Alvarez-Lopez, are the plaintiffs in the consolidated cases.

Lopez is also a defendant in this case. Plaintiffs allege that his negligence, along with Flores's, "combined or individually, proximately caused" to the crash. 7:23-cv-432 ECF No. 67 ¶ 100. 7:23-cv-433 ECF No. 44 ¶ 100. "Defendant FLORES's decision to illegally park the tractor-trailer, and Defendant LOPEZ's conduct in falling asleep behind the wheel proximately caused the Subject Collision and resulting injuries and damages." Id. ¶ 52. "Defendant Move Freight Trucking, LLC is allegedly legally responsible for the injuries and damages caused by the collision." Id. ¶ 55.

Both Flores and Lopez were found guilty of the conduct as alleged. Flores pled guilty to a violation of Va. Code § 46.2-830.1, which states that "[n]o driver of a vehicle shall park or stop his vehicle on the shoulder or other portion of the highway not ordinarily used for vehicular traffic in violation of a highway sign in order for the driver to sleep or rest." Mot. Mem. at 5, see also Mot. Mem. Exhibit 6. Lopez, who has not appeared in this case, was found guilty "in absentia, for reckless driving due to his failure to maintain proper control of his vehicle in violation of Va. Code § 46.2-853." Mot. Mem. at 5, see also Mot. Mem. Exhibit 7.

Plaintiffs raise negligence and negligence per se claims against Flores (Counts I and II); respondeat superior (Count III) and negligence (Count IV) claims against Move Freight Trucking, LLC; negligence and negligence per se claims against Lopez (Counts XI and XII); negligent entrustment claims against the owners of the Ford Escape (Count XIII); and

recklessness and punitive damages claims against all defendants.[1] 7:23-cv-432 ECF No. 67 ¶¶ 102-323; 7:23-cv-433 ECF No. 44 ¶¶ 102-323.

## A.    Procedural History

Two of the three[2] related cases arising from this accident were filed on July 14, 2023. 7:23-cv-432 ECF No. 1; 7:23-cv-433 ECF No. 1. The second amended complaints in each case are the operative pleadings. 7:23-cv-432 ECF No. 67; 7:23-cv-433 ECF No. 44. These cases have been consolidated for purposes of liability only. 7:23-cv-432 ECF No. 127, 128; 7:23-cv-433 ECF No. 100, 101. They remain bifurcated for purposes of damages. Id.

Flores and Move Freight Trucking, LLC filed the present motion for summary judgment on January 21, 2026. Mot. The motion is fully briefed. Resp. See also 7:23-cv-432 ECF No. 141; 7:23-cv-433 ECF No. 114 ("Reply"). The court heard oral argument on the motion for summary judgment on March 3, 2026. 7:23-cv-432 ECF No. 147; 7:23-cv-433 ECF No. 120. The consolidated jury trial is set for April 14-17, 2026 in Roanoke. Both cases will use the same jury. 7:23-cv-432 ECF No. 129, 136; 7:23-cv-433 ECF No. 102, 109.

## II.    Motion for Summary Judgment

This case raises claims of negligence, negligence per se, and related respondeat superior claims against Flores and Move Freight. A successful negligence claim requires a showing of "the existence of a legal duty, a breach of the duty and proximate causation resulting in

---

[1] Counts V, VI, VII, VIII, IX, X are plaintiffs' claims against defendants Western Express and FedEx, who have been dismissed from this case. 7:23-cv-432 ECF No. 105; 7:23-cv-433 ECF No. 88.

[2] Flores and Move Freight are not parties to the third consolidated case, Case No. 7:23-cv-612, nor are they parties to the fourth case arising from these same facts, Tara Lee Tighe, as the Personal Representative of the Estate of Beberlyn Vanessa Alvarez-Lopez v. Wilson Cabrera Yanes, Case No. 7:23-cv-611.

damage." <u>Buchanan v. Santek Env't of Virginia, LLC</u>, No. 1:21CV00006, 2021 WL 1866945, at *2 (W.D. Va. May 10, 2021).

The motion for summary judgment focuses on the issue of proximate causation. In the motion, Flores and Move Freight assert that "[t]he question before the Court at the summary judgment stage is not whether Flores was negligent. The Court can assume without deciding that question. The question for the court is whether (1) Flores' alleged negligence or (2) the driver of the Ford Explorer, who fell asleep behind the wheel leading up to the crash, was the proximate cause of the collision." Mot. Mem. at 2. They assert that it was the latter, i.e., Lopez's negligence, that was the proximate cause of the accident, "no reasonable juror could conclude that any negligence on behalf of Flores was the proximate cause of this terrible accident," and that they are therefore entitled to summary judgment against plaintiff's negligence claims. <u>Id.</u>

## A.    Legal Standard

Under Federal Rule of Civil Procedure 56, the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Glynn v. EDO Corp.</u>, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits" filed by the parties. <u>Celotex</u>, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

Id. (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" McAirlaids, Inc. v. Kimberly-Clark Corp., 756 F.3d 307, 310 (4th Cir. 2014) (internal alteration omitted) (quoting Tolan v. Cotton, 134 S. Ct. 1861, 1863 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255.

The non-moving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252). The non-moving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005) (quoting Anderson, 477 U.S. at 249). "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993)(quoting Anderson, 477 U.S. at 248). Even when facts are not in

8

dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. World-Wide Rights Ltd. P'ship v. Combe Inc., 955 F.2d 242, 244 (4th Cir. 1992).

## B.   Choice of Law

This action raises state tort claims before this court based on diversity jurisdiction. The alleged tortious acts and the alleged harm both occurred in the Commonwealth of Virginia. Virginia law applies: "[b]ecause we sit in diversity in this case, we must apply the substantive law of the forum state[.]" Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007)(citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938)). See also Gilmore v. Jones, 370 F. Supp. 3d 630, 664 (W.D. Va. 2019)(applying Virginia law in a tort case before the Western District of Virginia because (a) in a diversity action, the Court applies the choice of law principles of the forum state; (b) Virginia applies the doctrine of lex loci delecti, "meaning that the law of the place of the wrong governs all matters related to the basis of the right of action"; and (c) "the place of the wrong" is the "state in which the wrongful act took place, wherever the effects of that act are felt").

## C.   Discussion

Flores and Move Freight argue that Lopez's negligence was the proximate cause of the collision, and no reasonable jury could find otherwise. Mot. Mem. at 7. Plaintiffs counter that, to succeed on summary judgment, defendants would need to satisfy Virginia's "superseding cause" standard and establish that Flores' behavior did not contribute, even in the "slightest degree," to the injury. Resp. at 2 (citing Coleman v. Blankenship Oil Corp., 221 Va. 124, 267

9

S.E. 2d. 143 (1980)). "[T]he crash was a foreseeable risk [of] illegally parking on the highway," and therefore "the record forecloses any finding that Flores' negligence did not contribute to the crash[,]" they argue. Resp. at 2.

Because proximate cause is an issue of fact left up to the jury, the court **DENIES IN PART** the motion for summary judgment with respect to the issue of proximate cause. However, because the facts, read in the light most favorable to plaintiffs, still establish that Flores exhibited some degree of care, the court **GRANTS IN PART** the motion for summary judgment with respect to the issue of gross negligence.

### 1.    Proximate Cause

Defendants Move Freight Trucking, LLC and Joshua Flores argue that Lopez's negligence was the proximate cause of the collision, rather than Flores's decision to park the truck in the shoulder of the acceleration lane. In Virginia, proximate cause depends on (1) foreseeability and (2) causal relation:

> Proximate cause is "an act or omission that, in natural and continuous sequence unbroken by a superseding cause, produces a particular event and without which that event would not have occurred." Williams v. Joynes, 677 S.E.2d 261, 264 (Va. 2009). That formulaic legal standard often turns on two more easily related concepts. First, proximate cause denotes "reasonable foreseeability." Va. Elec. & Power Co. v. Winesett, 303 S.E.2d 868, 874 (Va. 1983). This means that the plaintiff's injury must be a "natural and probable" result of the defendant's breach. AES Corp. v. Steadfast Ins. Co., 725 S.E.2d 532, 538 (Va. 2012). Second, a proximate cause must bear such a close "causal relation" to the plaintiff's injury that the injury would not have occurred "but for" that cause. Appalachian Power Co. v. Wilson, 129 S.E. 277, 280 (Va. 1925). Of course, there may be "more than one proximate cause" for an injury. Williams, 677 S.E.2d at 264.

Buchanan, 2021 WL 1866945, at *2.

Under Virginia law, falling asleep at the wheel is a prima facie case of want of due and proper care. Newell v. Riggins, 197 Va. 490, 494, 90 S.E.2d. 150, 152 (1955)(assessing whether

a driver falling asleep amounted to gross negligence). While there can be more than one

proximate cause for an injury, when a subsequent negligent act is unforeseeable, it may sever

the original negligent party from liability:

> An intervening, "superseding cause" may "sever[ ] the link of proximate
> causation between the initial negligent act and the resulting harm, thereby
> relieving the initial tortfeasor of liability." Id. "[N]ot every intervening cause is a
> superseding cause." Coleman v. Blankenship Oil Corp., 267 S.E.2d 143, 147 (Va.
> 1980). A "sufficient intervening act" must be "so highly extraordinary as to be
> unforeseeable." Dorman v. State Indus., Inc., 787 S.E.2d 132, 139 (Va. 2016).
> But an intervening cause which is "reasonably foreseeable" from the defendant's
> negligence, or one that was "put into operation" by the defendant's initial
> negligent act, does not sunder the defendant's liability. Hawkins v.
> Commonwealth, 770 S.E.2d 787, 789 (Va. Ct. App. 2015). Proximate cause is
> "ordinarily [a] question[ ] of fact for the jury's determination." Dorman, 787
> S.E.2d at 138.

Buchanan, 2021 WL 1866945, at *2. A superseding cause is not just unforeseeable. It "must

so entirely supersede the operation of the defendant's negligence that it alone, without any

contributing negligence by the defendant in the slightest degree, causes the injury." Lagunas-

Antunez v. Hayes-Goode, No. CV 2:24CV416, 2025 WL 2816821, at *7 (E.D. Va. Sept. 8,

2025), report and recommendation adopted, No. 2:24-CV-416, 2025 WL 3688917 (E.D. Va.

Dec. 19, 2025).

Proximate cause is typically an issue of fact for the jury to determine, and it becomes a

decision of law for a court to determine "only when reasonable minds cannot differ about the

result." Est. of Moses ex rel. Moses v. Sw. Virginia Transit Mgmt. Co., 273 Va. 672, 679, 643

S.E.2d 156, 160 (2007). See also Cox v. Mabe, 214 Va. 705, 204 S.E. 2d 253 (1974)(holding

that the question of whether a car parked on the shoulder of the highway was the proximate

cause of an accident was a question of fact for the jury).

11

In their motion, Move Freight and Flores argue that the sleeping driver (Lopez) was an unforeseeable independent intervening act that ultimately brought about the accident – and when that happens, "the situation of danger created by the negligence becomes merely a circumstance of the accident and not a proximate cause." Mot. Mem. at 8 (quoting Dorman v. State Indus., 292 Va. 111, 122 (2016). "Lopez fell asleep behind the wheel, lost control of the vehicle, crossed into a non-travel lane, and then crossed over the shoulder before hitting the back of Flores' clearly visible and illuminated tractor-trailer without touching the brakes one time … it is not reasonably foreseeable that a vehicle travelling in the main travel lanes of I-81 would collide with a tractor trailer parked on the shoulder of the acceleration lane from the rest stop." Mot. Mem. at 8.

In support of this argument, Move Freight and Flores compare the facts of this case to those in two Virginia Supreme Court Cases: Virginia Stage Lines, Inc. v. Brockman Chevrolet, Inc., 209 Va. 188, 163 S.E.2d 148 (1939), and Riggle v. Wadell, 216 Va. 577, 221 S.E.2d 142 (1976). In each of those cases, a vehicle had stopped, at least partially, on a highway, and subsequent drivers to the scene collided with the stopped vehicles. "In both of those cases, the stopped vehicles allegedly "blocking" the highway, were not [proven to be] the proximate cause of the accident in question." Mot. Mem. at 9.

Riggle and Virginia Stage Lines are both examples of Virginia cases where a stopped vehicle on a highway was found not to be the proximate cause of a subsequent accident. They are both "limited to [their] own particular facts, which are distinguishable from the case at bar." Cox, 214 Va. at 708, 204 S.E.2d at 256.

In Riggle, the Virginia Supreme Court considered a situation where at least three cars were parked along the edge of the highway while a wrecker truck extracted a vehicle that had become "disabled in a slight gully in the median strip," with an additional car slowing down to help. These stopped and slowing cars employed "amber flashing light[s]" that were visible "for at least three tenths of a mile[,]" bright lights and headlights on the wrecker, four-way flashing lights on yet another stopped vehicle, and "the red lights and other lights of ... [an] unmarked police car," as well as "reflectors and flare in the left-hand eastbound lane" that were visible on the clear road. Riggle, 216 Va. at 578, 221 S.E.2d at 144. Despite all these signs, the driver of the plaintiff's vehicle chose not to reduce his speed, which led to an accident. In that case:

> The evidence shows that [driver] first saw the light of the warning flare and reflectors when he was about a mile away; that he anticipated trouble but continued to operate his vehicle on the wet highway without any significant reduction in speed; that he saw the flashing light of the wrecker; that he disregarded the warning cries of two of his passengers as he approached a car in front of him; and that, after applying his brakes for 40 to 60 feet, he struck the rear end of the stationary ... car while still traveling at a speed of not less than 40 to 50 miles per hour. In addition to the four warning devices in the highway and the flashing light of the wrecker truck, all of which [driver] admitted seeing, the evidence shows that the lights of the police car and of [the stationary] car were also burning at, or nearly at, the scene of the accident.
>
> Under these circumstances, it is immaterial whether [the driver of the stationary car] was negligent in stopping on the highway, for the evidence compels the conclusion that any such negligence was a remote, rather than a proximate, cause of the collision.

Id., 216 Va. at 580–81, 221 S.E.2d at 145.

Flores and Move Freight compare the driver in Riggle to Lopez, because they both were unresponsive to visual evidence of a potential obstacle in the road. This comparison ignores the fact that in Riggle, safety flares, flashing lights and other warning devices were

13

present to warn oncoming drivers. In Riggle, the driver of the crashing car ignored even the warnings of passengers in the car. Here, there is no evidence that Lopez had any such warnings, inside of the car or in the form of safety triangles or flares around Flores's and Move Freight's illegally parked truck. The unique facts of Riggle do not compel summary judgment for Flores and Move Freight in this case.

Virginia Stage Lines provides defendants with even less support. In Virginia Stage Lines, the Virginia Supreme Court reversed a jury's finding that defendant's negligence in parking a bus on part of the roadway was a proximate cause of the accident. Importantly, the holding in Virginia Stage Lines focused on the sufficiency of the evidence. The court held that that the plaintiff had "not shown by evidence of prepondering weight that such negligence was a proximate cause of the accident." Virginia Stage Lines, 216 Va. at 191, 163 S.E.2d at 151. From the evidence produced at trial, it was still wholly unclear what had occurred. Because three key witnesses did not testify, and "[n]either of the bus drivers could testify as to why and how the accident occurred… [e]ssential details of the accident were not shown. The evidence falls short of being sufficient to support a finding that defendants' negligence was a proximate cause of the accident." Id., 216 Va. at 192, 163 S.E.2d at 151.

By contrast, in this case, there is significantly more evidence available to show the circumstances of the accident. There is even video footage. Mot. Mem. Exhibit 5. The failure of proof in Virginia Stage Lines is far different from this case.

In a number of cases, Virginia courts have concluded that whether a vehicle stopped on a highway was a proximate cause of an accident presents a jury question. See Cox, 214 Va. at 708, 204 S.E.2d at 256 (directing the question of proximate cause to the jury in an accident

14

where cars swerved to avoid parked vehicles on the shoulder); see also Saunders v. Bulluck, 208 Va. 551, 159 S.E. 2d 820 (1968) (holding, in a case where a car had stopped in the road to check on a pulled-over vehicle and was struck from behind, that the issue of proximate cause was a jury question); Vought v. Jones, 205 Va. 719, 139 S.E. 2d. 810 (1965)(holding that "jury questions were presented" as to the negligence of both an ice cream truck driver who had parked in the street and the driver passing car who failed to slow down before striking a child customer); Savage Truck Line v. Traylor, 193 Va. 579, 69 S.E. 2d 478 (1952)(holding that negligence of both drivers was a proximate cause of a collision between an illegally parked vehicle and one in which the driver failed to drive safely); see, cf. Riggle, 216 Va. at 580-581, 221 S.E.2d at 145 (analyzing several cases where the court directed the question of proximate cause to a jury; finding under its particular facts that a defendant's negligence was a "remote, rather than a proximate, cause of the collision").

The jury issue is one of foreseeability.

> In order for a defendant's negligence to be the proximate cause of an injury, it is not necessary that he shall have foreseen the precise injury that occurred. It is sufficient for an ordinary, careful and prudent person ought, under the circumstances, to have foreseen that an injury might probably result from the negligent act. To be a superseding cause, whether intelligent or not, it must so entirely supersede the operation of the defendant's negligence that it alone, without the defendant's contributory negligence in the slightest degree, produces the injury.

Cox, 214 Va. at 708, 204 S.E. 2d at 256 (internal citations and quotations omitted). In this case, whether the alleged negligence of Flores in parking his tractor-trailer "continued until the time of the accident and proximately contributed to it in the slightest degree, or whether [his] negligence had ceased to operate and was superseded by the negligence of [Lopez] present

15

... questions of fact for determination by the jury, not questions of law for the court." Id., 214 Va. at 709, 204 S.E. 2d at 256-57.

Plaintiffs have presented evidence to support an inference that Flores's placement of the truck – on the shoulder of the highway, "in a diagonal position that obstructed part of the roadway," blocking the built-in "recovery area" for wayward drivers – was more than a "remote cause" of this accident. See Resp. at 18-19; see also Resp. Exhibits 1-4. The issue of proximate cause in this case is an issue of fact to be decided by the jury. The court therefore **DENIES IN PART** the motion for summary judgment on the issue of proximate cause.

### 2.    Gross Negligence

Move Freight and Flores also seek summary judgment on the issues of gross negligence and punitive damages. "Because Flores was not the proximate cause of the accident, plaintiffs' gross negligence claim and claim for willful and wanton negligence fail too." Mot. Mem. At 16. The court denies the motion for summary judgment on the issue of proximate cause. See infra. But because the facts are undisputed that defendant Flores exercised some degree of care, the court **GRANTS IN PART** the motion for summary judgment with respect to the gross negligence claim.

Under Virginia law, gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." Elliott v. Carter, 292 Va. 618, 622, 791 S.E.2d. 730, 732 (2016) (quoting Cowan v. Hospice Support Care, Inc., 268 Va. 482, 603 S.E.2d 916, 918 (2004)). Gross negligence is a degree of negligence "that would shock fair-minded persons[.]" Elliott, 292 Va. at 622, 791 S.E.2d at 732 (quoting Cowan, 268 Va. at 487, 603 S.E.2d at 919).

16

Typically, the existence of gross negligence is "a question of fact of fact for the jury under the peculiar circumstances of each case, and only becomes a question of law for the court when, under applicable rules of negligence, reasonable men should not differ as to the proper conclusion to be drawn from the evidence." Newell, 197 Va. at 484, 90 S.E.2d at 153. "Because 'the standard for gross negligence in Virginia is one of indifference, not adequacy,' a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care." Elliott, 292 Va. at 622-23, 791 S.E.2d at 732 (quoting Kuykendall v. Young Life, 261 Fed. Appx. 480, 491 (4th Cir. 2008)).

Move Freight and Flores argue that the undisputed material facts demonstrate that Flores "exercised some care": he tried to park at the rest stop instead of along the highway, but the spaces were full; he parked alongside other tractor-trailers near the rest stop, (at least mostly) out of travel lanes, the other tractor-trailers obstructed any view of the "no parking" signs; and he "left his marking lights illuminated on the side of the trailer" while he slept. Id. at 18. This evidence of care and lack of foreseeability means that his actions did not rise to the level of gross negligence, they argue. Nor can it meet the even higher standard of "fraud, malice, oppression or other special motives of aggravation" that would support a finding of willful and wanton negligence, they argue. Id. at 19.

Plaintiffs Milne and Crawford counter that Flores's choice to park as he did "consciously disregarded the specialized safety training" that he received as part of his job. Under Alfonso v. Robinson, this could give rise to punitive damages based on the driver's willful and wanton conduct, they argue. Resp. at 3 (citing 257 Va. 540, 514 S.E.2d 615 (1999)).

The facts in Alfonso are distinguished from the facts in this case. In Alfonso, the defendant truck driver left his stalled truck in the right lane of traffic of a dark highway – abandoning the truck in active traffic to run to a rest stop and call for a tow. In this context, the Virginia Supreme Court held that a trucker's choice to leave his disabled tractor-trailer stalled in active lanes of traffic on a dark highway – without safety triangles or hazard lights – to call for help "raised a question of willful and wanton negligence for the jury's determination." Alfonso, 257 Va. at 546-47, 514 S.E.2d at 619. This is different from the present case, where Flores parked outside of the lanes of active traffic in a line of other trucks.

Importantly, questions of gross negligence and willful and wanton negligence are both fact-specific to the case and generally left up to the jury as a finder of fact. See infra. The court only steps in to rule on gross negligence when "persons of reasonable minds could not differ" on the conclusion. Mot. Mem. at 17 (quoting Elliott, 292 Va. at 622, 91 S.E.2d. at 732).

Reading the facts in the light most favorable to the plaintiff, it is indisputable that Flores attempted to park at the rest stop, and parked alongside other similarly-situated trucks outside the lanes of active traffic in an attempt to not become an obstacle to the road. Because a claim for gross negligence fails as a matter of law when the evidence shows that the defendants exercised some degree of care, movants are entitled to summary judgment on the issue of gross negligence. Elliott, 292 Va. at 622-23, 791 S.E.2d at 732. The court **GRANTS IN PART** the motion for summary judgment on this issue.

Notably, gross negligence is a lesser degree of negligence than willful negligence. See Elliott, 292 Va. at 622, 791 S.E.2d at 732 (also citing Thomas v. Snow, 162 Va. 654, 661, 174 S.E. 837, 839 (1934)("Ordinary and gross negligence differ in degree of inattention...while

18

'gross negligence is a manifestly smaller amount of watchfulness than the circumstances require of a person of ordinary prudence, … it is something less than … willful, wanton, and reckless conduct.'") See also Newell, 197 Va. at 495-496, 90 S.E.2d at 153-154 (citing cases that support this analysis, including Thornhill v. Thornhill, 172 Va. 553, 563, 2 S.E.2d. 318 (1939); Altman v. Aronson, 231 Mass. 588, 121 N.E. 505 (1919); et al.) The court's finding that Flores exercised some degree of care also forecloses, as a matter of law, plaintiff's claims of willful and wanton negligence and punitive damages.

## III.  Conclusion

For the reasons stated herein, the motion for summary judgment filed by defendants Flores and Move Freight, 7:23-cv-432 ECF No. 137; 7:23-cv-433 ECF No. 110, is **DENIED IN PART** with respect to proximate cause and **GRANTED IN PART** with respect to the issues of gross negligence, willful and wanton negligence, and punitive damages.

Entered: 03-31-2026

Michael F. Urbanski
Senior United States District Judge

19